### In re NEW YORK TAXICAB CO.

(Supreme Court, Appellate Division, First Department. April 12, 1912.)

REFERENCE (§ 86*)—FINDINGS—CONFORMITY TO ORDER OF REFERENCE.

Where an order of reference in proceedings by a client to substitute attorneys merely appointed a referee to ascertain what amount, if any, was due to the attorney for legal services and disbursements, a finding that the attorney had by his conduct forfeited his attorney's lien and was entitled to no relief in the proceedings was improper, since the question of the existence of a lien was not referred.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 132; Dec. Dig. § 86.*]

Appeal from Special Term, New York County.

In the matter of the petition of the New York Taxicab Company for the substitution of attorneys in the place of Lewis D. Mooney, its attorney of record in certain matters, and to have attorney's lien for services, if any, judicially determined. From an order granting petitioner's motion for the confirmation of a referee's report, Mooney appeals. Order reversed, and matter referred to another referee.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Roger Foster, of New York City, for appellant.

Wm. F. Goldbeck, of New York City, for respondent.

LAUGHLIN, J. The appellant is an attorney and counselor at law. He was employed by the New York Taxicab Company to defend it against actions covered by indemnity insurance policies issued to it on each of its motor vehicles by the Law Car & General Insurance Corporation, Ltd., of London, England, and to represent it in the adjustment of all claims covered by said insurance. On the 7th day of February, 1910, the client obtained an order requiring the attorney to show cause why another attorney should not be substituted in his place and stead as attorney of record for the client in all actions then pending against it in which the attorney was the attorney of record, and why he should not be required immediately to deliver to the substituted attorney "all of the pleadings, records, and other papers, including all statements, notes, and memoranda concerning the facts and all briefs and other documents whatsoever pertaining to and bearing

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon the said pending actions or any of them, either unconditionally or upon the giving by the petitioner to said Lewis D. Mooney of a bond in such amount as the court shall determine as security to him for his attorney's lien, if any there be, upon said papers, and why an order should not be made and entered herein ascertaining and determining or appointing a referee to ascertain and determine the amount of said attorney's lien, if any, for services in connection with the aforesaid actions," and for other and further relief.

The order was returnable on the 9th day of February, but the motion evidently was postponed to the 11th, for on that day the parties appeared before the Special Term and stipulated an order, which was duly entered, directing "that the amount of the attorney's lien of Lewis D. Mooney, Esq., be determined," and designating a referee "to take the proofs of the respective parties, to ascertain what amount, if any, is due from the New York Taxicab Company to said Lewis D. Mooney for legal services and disbursements and liabilities incurred to counsel and for printers' bills, and otherwise, and to report his findings and conclusions to this court with all convenient speed"; and that the New York Taxicab Company forthwith deliver to Mooney an undertaking as therein provided to be approved by the court "conditioned to pay any sum which may be found due to him from said New York Taxicab Company by the final order of the court in this proceeding, including the costs of said reference and of this proceeding, which costs shall include the fees of the referee and the charges of the stenographer for copies of the minutes furnished to referee and to counsel not exceeding the sum of $30,000, now claimed by him"; and that upon the approval of said undertaking one McKee was to be deemed substituted as attorney of record for said company in place of said Mooney, and Mooney was thereupon forthwith required to deliver to the substituted attorney said papers. On the 21st day of April, 1910, another referee was appointed by consent in the place of the one originally designated, but on a motion duly made at Special Term, and the second order of reference, after designating the referee, recited that he "be and hereby is appointed referee herein with the same powers that are set forth in the order entered at the direction of Mr. Justice Platzek, on or about February 10, 1910, namely, to take the proofs of the respective parties, to ascertain what amount, if any, is due from the New York Taxicab Company to said Lewis D. Mooney for legal services and disbursements and liabilities incurred to counsel and for printers' bills and otherwise, and to report its findings and conclusions to this court with all convenient speed."

It might be contended, on the first order of reference standing alone in view of the order to show cause, that it was intended to refer it to the referee to determine whether or not the attorney had a lien upon the papers; but it will be noticed that the second order of reference expressly specifies the power of the referee to be to determine the amount due to the attorney from his client for legal services and disbursements. Moreover, the undertaking given pursuant to the original order of reference was not for the payment of any amount found due for which the attorney had a lien, but it is expressly recited therein that the referee was appointed "to ascertain what amount,

if any, is due from the New York Taxicab Company to said Lewis D. Mooney for legal services and disbursements and liabilities incurred to counsel for printers' bills and otherwise," and the security expressly undertook in the sum of $30,000 "to pay any sum which may be found due" to the attorney from his client by the final order of the court in this proceeding, including the costs of the reference and of this proceeding. Pursuant to a direction given by this court (In the Matter of The Petition of the New York Taxicab Co., decided January 12, 1912), the evidence taken before the referee has been omitted from the record, and the findings of the referee are not reviewable.

[1] The appeal, however, does present the legal question as to whether the findings are in accordance with the order of reference. It appears from the report of the referee that he has not passed upon the question referred to him, but has taken evidence and reported that the attorney, by neglect and misconduct in his professional relations with his client, has forfeited his lien, and "is entitled to no relief herein and must be left to the pursuit of his remedy by an action at law," and for this reason the referee omitted to find and report whether or not the client was indebted to the attorney for legal services or disbursements. It is evident that the client, desirous of obtaining the papers without delay and without submitting it to the court to determine whether the attorney had forfeited his lien, or being subjected to the delay incidental to a reference to determine that question before obtaining possession of the papers, agreed that an order should be entered providing for the substitution and for the immediate delivery of the papers, and for the determination, by a reference, of the amount, if any, due and owing from the client to the attorney, and to insure the payment of such amount the undertaking was given. In these circumstances there was no question of *lien* referred, for it was, in effect, conceded that the attorney had a lien, and the only question was to determine the amount of it by determining the amount owing to him from his client.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the matter should be referred to another referee to be specified in the order of this court. All concur.